Linus C. PAULING et al., Plaintiffs,

v.

Neil H. McELROY et al., Defendants.

Dwight HEINE et al., Plaintiffs,

v.

Neil H. McELROY et al., Defendants.

Civ. A. Nos. 866–58, 1566–58.

United States District Court
District of Columbia.

July 31, 1958.

Francis Heisler, Charles A. Stewart, Carmel, Cal., A. L. Wirin, Fred Okrand, Los Angeles, Cal., James T. Wright, Washington, D. C., for plaintiffs.

George Cochran Doub, Asst. Atty. Gen., Oliver Gasch, U. S. Atty., Donald B. MacGuineas, Atty., Department of Justice, E. Riley Casey, Asst. U. S. Atty., Washington, D. C., for defendants.

KEECH, District Judge.

These causes having been heard upon the plaintiffs' motions for preliminary injunction, and it appearing to the court, in conformity with the findings of fact and conclusions of law filed herein on this date, that the plaintiffs have not made a showing of imminent irreparable injury which outweighs the public interest in the continuation of the tests of nuclear weapons sought to be enjoined by the plaintiffs, or that there is a probability of the ultimate success of their suits, now, therefore, it is, by the court, this 31st day of July, 1958,

Ordered That the plaintiffs' motions for preliminary injunction be and they are hereby denied.

## On Motions to Dismiss Complaints

■ These consolidated causes having been heard upon the motions of the defendants to dismiss the complaints and full argument having been had thereon on July 24, 1958, and additional authorities furnished to the court by respective counsel after said argument, and it appearing to the court from the face of the complaints as amended on July 29, 1958, that, although the amendments include a prayer for damages along with the prayers for declaratory judgment and injunction, inasmuch as the complaints as amended fail to allege damages specifically to the plaintiffs and allege that the past and future injuries complained of "are not monetarily compensable", the complaints have not been changed to tort actions for damages but remain suits for declaratory judgment and injunction, seeking to have declared illegal and to have enjoined official acts by the defendants which this court, in denying the motions for preliminary injunction, has held to be authorized by a valid Act of Congress, and the court concluding that, taking as true for the purposes of the motions to dismiss all the facts alleged in the complaints as amended, (1) each of the complaints fails to state a justiciable controversy within this Court's jurisdiction, and (2) none of the plaintiffs has standing to sue, now, therefore, it is, this 31st day of July, 1958,

Ordered that the complaints be and they are hereby dismissed.

## Findings of Fact and Conclusions of Law

These causes having been heard upon the motions of plaintiffs for preliminary injunctions against defendants, the Court makes the following findings of fact and conclusions of law:

## Findings of Fact

1. These actions are brought by American citizens and nonresident aliens to enjoin the Commissioners of the Atomic Energy Commission and the Secretary of Defense from detonating any nuclear weapons that produce radiation or radioactive atomic nuclei, on the grounds that such radiation will inflict serious genetic and somatic injury upon plaintiffs and the population of the world in general, including unborn generations. The Marshallese alien plaintiffs allege in addition that they are threatened with imminent danger, including destruction and contamination of their food supply, by the detonating of nuclear weapons in the Marshall Islands. The plaintiffs allege that such detonations of nuclear weapons, which defendants assert are authorized by the Atomic Energy Act of 1954 (42 U.S.C.A. § 2011 et seq.), are illegal because they are not authorized by said Act; and that if said Act does authorize such nuclear explosions it is unconstitutional.

2. At the present time, defendants are conducting a series of nuclear weapons tests at the Eniwetok Proving Ground in the Pacific Ocean. An important objective of such tests is the further development of nuclear weapons with greatly reduced radioactive fallout so that radiation hazard may be restricted to the military target. This current test series was specifically authorized by the President in January 1958. The intention of the defendants to conduct these tests at Eniwetok has been a matter of public knowledge since September 1957 and has also been made known to Congress through the Joint Committee for Atomic Energy provided by the Atomic Energy Act of 1954. The Congress has not taken any action to restrict the conduct of such tests.

3. On December 2, 1947, the United States notified the Security Council of the United Nations that Eniwetok Atoll in the trust territory of the Pacific Islands was, pursuant to the provisions of the Trusteeship Agreement, closed for security reasons, in order that the United States Government, acting through its Atomic Energy Commission, might conduct necessary experiments relating to nuclear fission. On April 2, 1953, the United States notified the Security Council of the United Nations that Bikini Atoll had also been closed for security reasons for the same purpose. The Marshallese plaintiffs filed a complaint with the United Nations Trusteeship Council seeking relief similar to that prayed by them in this action, and the complaint was rejected by a resolution of the Council on March 29, 1956.

4. The evidence presented by plaintiffs in support of their motions for preliminary injunctions does not clearly establish that the current test series will produce the serious deleterious consequences to plaintiffs and the world at large which plaintiffs assert. The plaintiffs have not shown that the considerations of possible deleterious effects to human beings claimed by plaintiffs to result from such tests outweigh the public interest involved in the development of nuclear weapons through these tests in furtherance of the national defense and safety.

5. The plaintiffs have not shown that there is a probability that they may ultimately prevail in these actions.

6. Accordingly, having regard to the injury claimed by plaintiffs, on the one hand, and, on the other hand, the public interest in the considerations of national defense and safety affected by the conduct of these tests by defendants, the Court concludes, in the exercise of its discretion, that the plaintiffs are not entitled to a preliminary injunction.

## Conclusions of Law

1. The American citizens and the nonresident aliens (other than the residents of the Marshall Islands) who are plaintiffs in both actions have not established such an imminent threatened invasion of a legal interest of their own as to give them standing to sue with respect to a justiciable controversy within this Court's jurisdiction.

■ 2. The protection of the Constitution of the United States does not extend to the nonresident aliens who are plaintiffs in both actions; hence, they have no legal standing to challenge the legality of the nuclear tests being conducted by defendants or the constitutionality of the Atomic Energy Act of 1954.

3. It is doubtful that this Court has jurisdiction under 28 U.S.C. § 1350 of the claim asserted by the residents of the Marshall Islands who are plaintiffs in Civil Action No. 1566–58, and no other provision of law gives this Court jurisdiction of such claim.

■ 4. The provisions of the Charter of the United Nations, the Trusteeship Agreement for the Trust Territory of the Pacific Islands, and the international law principle of freedom of the seas relied on by plaintiffs are not self-executing and do not vest any of the plaintiffs with individual legal rights which they may assert in this Court. The claimed violations of such international obligations and principles may be asserted only by diplomatic negotiations between the sovereignties concerned.

■ 5. The nuclear weapons tests sought to be enjoined by plaintiffs are authorized by the Atomic Energy Act of 1954. The Atomic Energy Act of 1954 is not unconstitutional in any of the respects claimed by plaintiffs. The Act does not unconstitutionally delegate legislative power to the defendants, nor does it vest in the defendants vague and indefinite power in violation of the due process clause of the Fifth Amendment. The Act is a valid exercise of the authority of Congress to promote and protect the national defense and safety under the constitutional war power. Congress by its repeated appropriations of funds and authorizations of the weapons testing activities of the Atomic Energy Commission and the Department of Defense, made with full awareness of the present state of scientific knowledge as to the nature and extent of radioactive fallout resulting from such nuclear explosions and of the varying scientific views as to the claimed deleterious effects of such radioactive fallout upon human beings, has ratified and confirmed defendants' administrative construction that by the Atomic Energy Act of 1954 the Congress intended to authorize such tests as have been and are to be conducted.

■ 6. The Atomic Energy Act of 1954 does not conflict with the so-called human rights provisions of the Charter of the United Nations, the Trusteeship Agreement for the Trust Territory of the Pacific Islands, or the international principle of freedom of the seas. In any event, even if there were any such conflict, the Atomic Energy Act of 1954, being a part of the supreme law of the land under the Constitution and later enacted, would be paramount to any such conflicting provisions.